UNITED STATES DISTRICT COURT

United States District Court
Southern District of Texas
FILED

JUN 27 2001

Michael N. Milby
Clerk of Court

UNITED STATES OF AMERICA

V.

C.A. B-01-113

CASE NO. B-99-050-S1-01

OLGA CONTRERAS

## MOTION TO CORRECT A SENTENCE PURSUANT TO 28 U.S.C.§2255

Movant Olga Contreras hereby moves to correct her sentence pursuant to 28 U.S.C.§2255(3) based on the newly recognized right by the Supreme Court under **APPRENDI v. NEW JERSEY, 120 S. CT 2348, 147 L. Ed. 2d 435 (2000).**

The movant files this motion timely within one year of the **Apprendi** decision and she is not procedurally barred from filing this claim because the newly recognized right announced in **Apprendi** has been made retroactively applicable to cases on collateral review.

Petitioner's claim is timely if it is filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review" **28 U.S.C.A. §2255 (West 2000).** This claim is filed within one year of the **Apprendi** decision, hence it is timely. See **Jackson v. United States, 129 F. Supp. 2d.1053 (6th Cir. 2001).**

Several circuits have concluded that **Apprendi** applies retroactively to collateral attacks. See **Doe v. United States, 112 F. Supp. 2d. 398, 402 (D. New Jersey 2000).** In **Jackson v. United States, 129 F. Supp. 2d 1053 (E.D. Michigan, 2000)** the court held that, "this court holds that a newly-recognized right applies retroactively for purposes of collateral review suffices to make that right retroactively applicable to a party's first petition under §2255.

On July 7, 1999, the Movant signed a Plea Agreement, in which she agreed to an "Appeal Waiver" clause. Defendant states that she has honored this clause by never challenging the sentence imposed by application of the United States sentencing Guidelines. However a defendant cannot be said to have waived right to appeal if a sentence is imposed in excess of maximum penalty provided by statue or based on constitutionally impermissible factors.

"...a defendant who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the district court. For example, a defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statue or based on a constitutionally imperssible factor...". **United States v. Marin, 961 F. 2d 493 (4th Cir. 1992).**

**Apprendi's** extensive citation of Winship, indicates an approval of Winship's declaration that: "a person accused of a crime...would be at a severe disadvantage, a disadvantage amounting to a lack of fundamental fairness, if he could be adjudged guilty and imprisoned for years on the strength of the same evidence as would suffice in a civil case." **Winship, 397 U. S. at 363.** Justice O'Connor, in her dissent, described **Apprendi** as a "watershed change in constitutional law" **120 S. Ct. at 2380,** and the majority viewed its opinion as addressing "constitutional protections of surpassing importance." **Ibid. at 2355.**

The defendant requests the Honorable Court to consider her claim under this motion, in the interest of fundamental fairness and the basic reliability of teh United States Criminal Justice System.

The defendant further requests the court to take into account the fact that has been studying and working in the Education Department at the Federal Prison Camp. Consequently, she has discovered certain new facts about her case. She requests the court to consider her efforts and grant additional time for "discovering facts through the exercise of due diligence" **28 U. S. C. §2255 (d).** The movant is aware that her period of limitation for filing a §2255 motion expires approximately eight (8) months ago, but she has diligently worked on her case and through the exercise of due diligence is filing this motion.

AO 243 (Rev. 5/85)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

# United States District Court

District: Southern District of Texas, Brownsville Division

Name of Movant: Olga Contreras
Prisoner No.: 82791-079
Case No.: B-99-050-S2-02

Place of Confinement: Federal Prison Camp Bryan    Bryan, Texas 77805

UNITED STATES OF AMERICA  V.  OLGA CONTRERAS
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack __United States District Court for the Southern District of Texas, Brownsville Division.__

2. Date of judgment of conviction __October 15, 1999__

3. Length of sentence __Fifty-One (51) months__

4. Nature of offense involved (all counts) __Count One - Conspiring to transport and harbor certain aliens in violation of 8 U.S.C. §§1324 (a) (1) (A) (ii) (iii) and (V) (I)__

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐   N/A

7. Did you testify at the trial?
   Yes ☐ No ☐   N/A

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☒

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court __N/A_____

   (b) Result _____

   (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☐ No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

        (2) Nature of proceeding __N/A_____

        (3) Grounds raised _____

        _____

        _____

        _____

        _____

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
            Yes ☐ No ☐

        (5) Result_____

        (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court _____

        (2) Nature of proceeding __N/A_____

        (3) Grounds raised _____

        _____

        _____

        _____

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result _____N/A_____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☐ No ☐
(2) Second petition, etc.  Yes ☐ No ☐    N/A

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
_____N/A_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea
(b) Conviction obtained by use of coerced confession

AO 243 (Rev. 5/85)

   (c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
   (d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
   (e) Conviction obtained by a violation of the privilege against self-incrimination.
   (f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
   (g) Conviction obtained by a violation of the protection against double jeopardy.
   (h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
   (i) Denial of effective assistance of counsel.
   (j) Denial of right of appeal.

    A. Ground one: __Please See Attached__

    Supporting FACTS (state *briefly* without citing cases or law) _____

    B. Ground two: _____

    Supporting FACTS (state *briefly* without citing cases or law): _____

    C. Ground three: _____

    Supporting FACTS (state *briefly* without citing cases or law): _____

AO 243 (Rev 5/85)

D. Ground four _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____
    None of these grounds were presented because the grounds are based on the new
    United States Supreme Court decision in Apprendi, which was not available earlier.

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐  No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing  Mr. Joe Esquivel   P. O Box 3402  Brownsville, TX  78523

    (b) At arraignment and plea  AS ABOVE

    (c) At trial  N/A

    (d) At sentencing  AS ABOVE

AO 243 (Rev 5/85)

(e) On appeal _____

_____

(f) In any post-conviction proceeding _____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No XX

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No XX

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

(b) Give date and length of the above sentence: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? N/A
Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

6-25-2001
(date)

_____
Signature of Movant



A.     Ground One

The movant's sentence is unconstitutional on the Fifth and Sixth Amendment grounds, because the District Court treated the number of aliens as a sentencing factor rather than an element of the offense. The District Court violated the defendant's Sixth Amendment and Due Process Rights by increasing her sentence based on the number of aliens for which she was never charged and which were never proven beyond a reasonable doubt. **U.S.C.A. Const. Amend. 5 and 6, Title 8 Section 1324**, U.S.S.G. §2L1.1, U.S.S.G. CH.1, PT. A.

Supporting FACTS.

1. Defendant pled guilty to one count of conspiracy to transport and harbor certain aliens wihtin the United States in violation of **8 U.S.C. §1324 (a) (1)**. Under the Plea Agreement the government dismissed all other counts. The government also agreed to recommend that relevant conduct be limited to not less than 25 nor more than 99 illegal aliens and a sentence at the low end of the guideline.

2. Pursuant to the sentencing Reform Act of 1984, the Sentencing Court selected the sentence within the prescribed range of sentence per **U.S.S.G. §2L1.1.** U.S.S.G. §2L1.1 is driven by the "number of unlawful aliens smuggled, transported, or harbored."

3. At sentencing the court stated that, "...this sentence is in conformance with the Sentencing Reform Act of 1984 and as justification for this sentence...I'm sorry, its pursuant to the Sentencing Reform Act of 1984 and to some extent pursuant to the agreement of yourself and the Government...But as justification for this sentence, the court adopts the findings in teh Presentence Investigation Report, except for the finding thay you do not have an ability to pay a fine."

   The court also stated, "you know because you were the leader, I don't feel that the low end of the guideline range is an appropriate punishment. I think that you've gotten a good deal here with the recommendations that the Government has made and, you know, I feel like that the appropriate punishment is really the...at the top of the guideline range, rather than at the bottom."

   Looking at the transcript of the sentencing proceedings, there is no doubt that the court was totally influenced by the remarks made by the AUSA and the Probation Report.

4. The Unsealed Superseding Indictment dated September 9, 1999 lists the Overt Acts. The total number of illegal aliens listed in the indictment add up to 61 for Count One, to which the defendant pled guilty. There are six more illegal aliens involved in Counts 8 through 13, which were dismissed by the government. All other counts are for conduct which was not covered by **8 U.S.C. §1324 (a) (1) (A)**. Therefore, the total number of aliens for which the defendant was charged (including dismissed conduct) was sixty-six (66).

5. Paragraph 82, Page 20 of the Pre-sentence Report (PSI) states that the defendant was arrested after seventy-three (73) undocumented aliens were found on her property. Most of these were included in the overt acts described in the indictments, i.e. aliens who were transported at various times and were finally apprehended on the Contreras' property on January 8, 1999.

6. Paragraph 39, Page 10 states that "On January 26, 1997, (a full 15 months before the first overt act of the conspiracy occurred) the U. S. Border Patrol apprehended a group of two hundred fifty-nine (259) undocumented aliens on the property owned and/or in control of the Olga Contreras organization.

   The defendant was nover charged for this because the government was unsure that the defendant had any knowledge of teh undocumented aliens. Thus, the defendant was never charged nor proven guilty for this conduct.

7. Paragraph 48, Page 12 of teh PSI states that, "Olga Contreras admitted to the CI and UCA that at one time U. S. Border Patrol agents apprehended three hundred (300) aliens from her properties." This is a statement of fact referring to the January 1997 incident for which she was never charged nor proven guilty. It is not an admission of guilt.

8. The Probation Officer calculated the offense level computation (Paragraphs 83 through 94 of the PSI Page 20) as follows:

| | |
|---|---:|
| Base level per **U.S.S.G. §2L1.1(a)** | 12 |
| Increase 9 levels because the instant offence involved 439 aliens | 9 |
| Role in offense organizer **U.S.S.G. §3B1.1(a)** | 4 |
| Adjustment for acceptance of responsibility | ( 3) |
| Total offense level | 22 |

   The defendant has no criminal history points.

Memorandum of Law.

**8 U.S.C. §1324** in combination with the Sentencing Reform Act of 1984 (i.e. the U.S.S.G.) prescribes the range of penalties for transporting and harboring illegal aliens.

**U.S.S.G. §2L1.1** clearly calls for a factual determination, which significantly increases the maximum penalty according to the Sentencing Table. This application of the Sentencing Guidelines and **8 U.S.C. §1324** is clearly illustrated in this case where the defendant's range of sentence increased from 30 - 37 months to 41 - 51 months. Thus, the factual determination of the number of aliens, significantly increases the maximum penalty, from 37 to 51 months, in this case.

The penalty structure of **U.S.S.G. §2L1.1** in combination with **8 U.S.C. §1324** is similar to that described by Justice Thomas in his concurrence to **"Apprendi,"** "All of these constitutional protections turn on determining which factors constitute the "crime" - that is which facts are the "elements" or "ingredients" of a crime. In order for an accusation of a crime (whether by indictment or some other form) to be proper under the common law, and thus proper under the codification of the common-law rights in the Fifth and Sixth Amendments, it must allege all elements of that crime, likewise, in order for a jury trial of a crime to be proper, all elements of the crime must be proved to the jury (and, under **Winship**, proved beyond a reasonable doubt." **Apprendi, 120 S. Ct. at Page 2368.** Justice Scalia further explains elements of a crime as, "This authority establishes that a "crime" includes every fact that is by law a basis for imposing or increasing punishment (in contrast with a fact that mitigates punishment). Thus, if the legislature defines some core crime and then provides for increasing the punishment of that crime upon a finding of some aggravating fact -- of whatever sort, including the fact of a prior conviction - the core crime and the aggravating fact together constitute an aggravated crime, just as much as granc larceny is an aggravated form of petit larceny." **Apprendi 120 S. Ct. at Page 2368.**

In the case of **8 U.S.C. §1324,** the number of illegal aliens is clearly an element of the offense which significantly increases the maximum penalty, e.g.. for 1 to 6 aliens, an individual with no prior offense would expect a sentence in the range of 10 to 16 months, for 6 to 24 aliens the sentence range goes up to 18 to 24 months, for 25 to 99 aliens it increases to 27 to 33 months, and for 100 or more aliens the sentencing range increases to 37 to 46 months. This range is prescribed by statute, i.e. The Sentencing Reform Act of 1984, which requires the sentencing court to select a sentence from within the guidline range. Thus, for the purposes of punishment under **8 U.S.C. §1324,** the number of illegal aliens is an element of the crime which must be stated in the indictment and submitted to a jury for a finding of proof beyond a reasonable doubt.

In this case the number of illegal aliens was not stated in the indictment, however, the defendant signed a **guilty plea** which specified the number of "not more than 99."

The **Unsealed Superseding Indictment** dated March 2, 1999, has a detailed list of Overt Acts of the conspiracy. The number of illegal aliens listed in all the Overt Acts of the conspiracy total 61 aliens. (Note: The Overt Acts mention the same individuals in several paragraphs eg. para 2 mentions transporting 4 illegal aliens, para 4 mentions harboring the same individuals. This has possibly led to double counting).

The Presentence Report in **Para 82** states the defendant "was arrested after seventy-three undocumented aliens were found on her properties." These were presumably the same aliens who had been transported, harbored, and aided, as described in the indictment.

In the same PSI in **Para 86** the Probation Officer has stated that "the instant offense involved harboring and/or transportation of four-hundred thirty-nine (439) aliens.

**Para 43** of the PSI states that "Olga Contreras told the C.I. that Border Patrol had once apprehended three hundred (300) undocumented aliens on her properties." This was a statement of fact that the aliens were apprehended, which refers to the January 26, 1997, incident which involved 259 aliens

and which occurred 15 months before the conspiracy started. The defendant was never charged nor can the government prove beyond reasonable doubt that the defendant had any prior knowledge of the individuals. This is clearly stated by the AUSA Calvert during the Sentencing Proceedings.
**--See Page 5 - Sentencing Proceedings.**

During the Sentencing Proceedings the Probation Officer stated that there were 180 aliens involved. Neither the PSI nor the Indictment, nor the Guilty Plea can support that number. The Probation Officer has distinctly erred in counting the number of aliens, probably double and triple counting the same aliens.

The number of aliens used to sentence the defendant is an element of this crime, which has increased the defendant's statutory maximum sentence under **8 U.S.C. §1324** and The Sentencing Reform Act from the range of 30-37 months to 41-51 months.

The defendant requests the court to correct her sentence using the range of 25-99 aliens which number is supported by the "Overt Acts" listed in the Indictment, by the number of aliens apprehended at the time arrest and by the Government's own estimate when signing the Plea Agreement.

Sentencing the defendant beyond the element (no. of aliens) stated in the Indictment runs afoul of **Apprendi** -- "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior convictin) that increases the maximum penalty for a crime must be changed in the Indictment, submitted to a jury, and proven beyond a reasonable doubt." **Jones, 536 U.S. at 227 n. 6 119 S. Ct. 1215.** While judges in this country have long exercised discretion in sentencing, such discretion is bound by the range of sentencing options prescribed by the legislature. See e.g. **United States v. Tucker 404 U. S. 443, 447, 92 S. Ct. 589, 30 L. Gd. 2d 592** - quoting **Apprendi at Page 2349.**

B. Ground 2  Ineffective Counsel

   The defense counsel failed to object to several issues which increased the defendant's prison sentence from 30 to 51 months. As discussed below the counsel's performance fell below a reasonable standard which prejudiced the defendant.

   "Although the amount by which a defendant's sentence is increased by a particular decision may be a factor to consider in determining whether counsel's performance in failing to argue the point constitutes ineffective assistance, under a determinate system of constrained discretion such as the Sentencing Guidelines, it cannot serve as a bar to a showing of prejudice." **Glover v. United States Supreme Court No. 99-8576.**

   1. The defense counsel appropriately objected to the court not adhering to the number of aliens specified in the Plea Agreement. However, he failed to object to the Probation Officer's computation of 180 aliens. The Probation Officer's error of adding the same individuals twice or thrice has inflated the number, thus prejudicing the judge.

   2. The defense counsel failed to object to the court's finding that defendant should be punished at the upper level of the guideline



range because she was "the leader." The Sentencing Guidelines provide for this factor and the defendant had already 4 level enhancement for this factor. This is Double Jeaporady and is accordingly unconstitutional.

3.  The defense counsel failed to object to the Government using defendant's bankruptcies to prejudice the judge. He further failed to point out to the judge that the defendant had ultimately paid all the creditors. The defendant was prejudiced because the judge has referred to these bankruptcies whilst imposing a fine of $15,000.

4.  The defense counsel was deficient in negotiating a Plea Agreement where in paragraph 2, the Government agrees to relevant conduct being limited to not more than 99 aliens and the defendant be sentenced at the bottom of the guideline level. In para 22 the government then reserves the right to dispute the sentencing factors it agreed to recomment in the first place.

5.  The defense counsel prejudiced the client that under the Plea Agreement, the government had caused his client to demolish four of her income earning properties thus, destroying her ability to pay any court fines.

6.  The defense counsel prejudiced his client when he failed to point out that Para 124 of the PSI state that had the defendant been convicted of all the counts, her sentence range would have been 46 to 57 months. Under the Plea Agreement which the Court accepted, her guideline range was 30 to 37 months. Under **U.S.S.G. §6B1.2**'s directive, the rejection of teh Plea Agreement is the appropriate remedy for a Plea Bargain that does not adequately reflect the nature of the crimes committed.

A Plea Agreement is a form of contract, but it is a rather unusual contract, because the Judge plays an active role in overseeing its performance. Not only does the Judge review and acdept the agreement and observe both parties' conduct under the agreement, see **Fed. R. Crim. P, 11(e)**, "the judge's determination of the sentence is ultimate action to which the agreement is directed."

In this case the court allowed the destruction of the defendan'ts income earning properties, defendant gave up her right to jury trial and various other rights and then was sentenced wihtin the range of what she would have been had she been convicted on all counts of the Indictment (**see para 124 - PSI**).

The defense attorney failed to object to all of the above and consequently the defendant was given a much harsher sentence. The counsel's performance thus fell below a reasonable standard.

C. Ground Three  Violation of the defendant's Constitutional Rights

**Double Jeopardy (U. S. Constitution Amendment V)**
Double Jeopardy clause of the United States Constitution protects against three distinct abuses. One of the three being multiple punishment for the same offense.

1. On Page 8 of the Sentencing Proceeding transcript the Judge has stated that, "...because you were the leader, I don't feel that the low end of the guideline range is an appropriate punishment.

    The defendant had already received 4 point enchancement for the leadership role. She was therefore, punished twice for the same crime.

2. On Page 7 of the Sentencing Proceeding transcript the Judge stated that, "That's how come I'm concerned about this bankruptcy." The Judge then proceeded to state, "That's why I find it so hard to believe that you're destitute or that you're indigent." The Judge's reasons for imposing the fine and rejecting the Probation Officer's findings were thus based on the defendant's bankruptcies. The defendant claims that:

    (a) The Chapter 13 bankruptcies filed in 1986, 1991, and 1994 had no connection to this crime. These bankruptcies merely reflect the defendant's lack of financial management. However, all the creditors were eventually paid off. There was no bankruptcy fraud. The Judge's reason for rejecting the Probation Officer's finding that the defendant was indigent is therefore unconstitutional.

    (b) The defendant had disclosed all of her financial statements and had proven to the Probation Officer that she had paid income taxes on all of her income.

    The PSI clearly states that the three Chapter 13 Bankruptcy proceedings were dismissed. The fine imposed violates the defendant's Fifth Amendment rights--indirect punishment for a non-existing crime i.e. filing bankruptcies, although all creditors were paid.

3. The Probation Officer double counted the same aliens, increasing the defendant's punishemnt.

    **U.S.S.G. §2L1.1, Historical Note No. 4** to the 1992 Amendment clearly states that "by providing an enhancement in the guideline for the number of aliens smuggled, transported or harbored as a more direct measure of the scope of the offense."

    The **U.S.S.G. §2L1.1** therefore requires counting of each individual alien as one unit.

        The Indictment Overt Acts computation amounts to 61 aliens.  The number present at the time of arrest is 73 aliens.  The government has stated in court that they did not think they could support more than 99 aliens.

        The Probation Officer has clearly made an error and double counted the same individuals twice or thrice.

Ground Four    Breach of Plea Agreement

        The Judge's acceptance of the Plea Agreement indicated acceptance of all terms.  The defendant gave up her rights and property.