

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# -BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

JAN 1 0 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| OLGA CONTRERAS. | § | |
| Plaintiff-Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. B-01-113 |
| UNITED STATES OF AMERICA | § | |
| Defendant-Respondent. | § | |
| | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff-Petitioner Olga Contreras's ("Contreras") Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 (Docket No. 1).

## FACTS

In criminal action number B-99-050, Contreras was charged in the United States District Court for the Southern District of Texas, Brownsville Division, with 22 counts of a 44-count indictment, including conspiring to transport and harbor aliens within the United States, harboring aliens within the United States, conspiring to launder money, money laundering, conspiring to commit food stamp fraud, committing food stamp fraud, conspiring to possess counterfeit Social Security cards, and possessing counterfeit Social Security cards. Contreras pleaded guilty to Count One (conspiring to harbor illegal aliens on July 7, 1999) in conformance with a FED. R. CRIM. P. 11(e)(1)(B) plea agreement before the Honorable Hilda G. Tagle.

In exchange for Contreras's guilty plea and her consent to the Government's razing of four buildings that she owned, the Government agreed to recommend that Contreras receive full credit for "Acceptance of Responsibility," that her relevant conduct be limited to "not less than twenty-five

1

(25) illegal aliens nor more than ninety-nine (99) illegal aliens," that she be assessed the role of "leader/organizer" of the crimes, and that she be sentenced to the bottom of the Guideline level that she scores. The Government also agreed to move for the dismissal of the remaining counts at sentencing. The parties further stipulated that there was no "reckless endangerment" as to Contreras.

Contreras's presentencing report (PSR) scored her at a base offense level 12, assessed a nine-level adjustment for the offense involving 439 aliens, assessed a four-level adjustment for being an "organizer," and assessed a three-level downgrade for acceptance of responsibility. Her criminal history score placed her in Criminal History Category One, for a sentencing range of 41-51 months. The PSR deemed her net worth to be $124,800. Contreras objected to the above adjustment relating to the number of aliens involved. Probation lowered the number of aliens for which Contreras was responsible to 180, as the former figure included aliens outside the time frame of the conspiracy.

On October 15, 1999, the district court sentenced Contreras for Count One to 51 months imprisonment and three years supervised release. The court also assessed a $150,000 fine and $100.00 in mandatory costs. The judgment was entered on October 21, 1999, and it became final on October 31, 1999. Contreras did not file a direct appeal. On June 27, 2001, Contreras filed the instant § 2255 motion.

## CONTRERAS'S § 2255 MOTION

Contreras's motion raises three grounds on which she claims her sentence should be modified. First, relying on the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Contreras argues that the number of aliens for which she was charged as harboring and transporting should have been submitted to a jury as an element of the offense and proved beyond a reasonable doubt. Furthermore, Contreras alleges that she had ineffective assistance of counsel.

2

Finally, Contreras asserts a double jeopardy claim based on the district court's consideration of Contreras's leadership role to assess a four-level adjustment and to sentence her to the upper range of the Guideline level she scored.

## SCOPE OF RELIEF AVAILABLE UNDER § 2255

Following a conviction and exhaustion or waiver of the right to direct appeal, this Court must presume that a defendant stands fairly and finally convicted. *See United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir.1991) (en banc), *cert. denied,* 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992); *United States v. Willis*, 2001 WL 1402135, *2, __ F.3d __ (5th Cir. 2001). Consequently, to obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal. *See United States v. Frady*, 456 U.S. 152, 166 (1982). Errors of law that may justify reversal on direct appeal will not necessarily support a collateral attack under § 2255. *See id.* at 165. Review of convictions under § 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice. *See id.* A defendant must show cause for the failure to raise the error and actual prejudice resulting from the asserted error. *See id.* at 167-68. Other types of error may not be raised under § 2255 unless the defendant demonstrates that the error could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *See United States v. Pierce,* 959 F.2d 1297, 1301 (5th Cir. 1992).

## I. THE TIMELINESS OF CONTRERAS'S § 2255 MOTION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") places a one-year statute of limitations upon the filing of motions under § 2255. The limitations period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

### THE APPLICABILITY OF *APPRENDI* TO CONTRERAS'S CLAIMS

Contreras argues that the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000), recognized a new right and is retroactively applicable to this case. She contends that her § 2255 motion is timely because she filed it within one year of the *Apprendi* decision.

Neither the Supreme Court nor the Fifth Circuit has yet addressed whether *Apprendi* has retroactive application to cases on collateral review. The majority of courts to address this issue have declined to apply *Apprendi* retroactively. *See Murphy v. United States*, 268 F.3d 599, 601 (8th Cir. 2001); *United States v. Moss*, 252 F.3d 993, 996 (8th Cir. 2001); *United States v. Sanders*, 247 F.3d 139, 146 (4th Cir. 2001); *Forbes v. United States*, 262 F.3d 143, 145 (2nd Cir. 2001); *Jones v. Smith*, 231 F.3d 1227, 1237-38 (9th Cir. 2000); *Gonzalez v. United States*, 159 F.Supp.2d 555, 562 (S.D. Tex. 2001); *Wooderts v. United States*, No. 3:97-CR-054-D, 2001 WL 897419, at *21 (N.D. Tex. July 27, 2001); *United States v. McNairy*, No. 3:99-CR-364-P, 2001 WL 649684, at *3 (N.D. Tex. June 8, 2001); *United States v. Jones*, No. 3-98-CR-0303-P, 2001 WL 493171, at *2 (N.D. Tex.

4

May 8, 2001); *United States v. Lang*, 159 F.Supp.2d 398, 402 (N.D. Tex. 2001); *United States v. Perez*, No. 397CR342-M, 2001 WL 492389, at *8 (N.D. Tex. May 3, 2001); *Freeman v. United States*, No. CR 496CR0068-A, 2001 WL 492401, at *5 (N.D. Tex. May 3, 2001); *Bowen v. United States*, 2001 WL 263306, at *1 (D. Me. Mar. 16, 2001); *United States v. Zapata-Rodriguez*, No. 3:93-CR-285-R, 2001 WL 194758, at *2 (N.D. Tex. Feb. 22, 2001); *United States v. McCloud*, 2001 WL 173776, at *1 (D. Kan. Feb. 16, 2001); *United States v. Latney*, 131 F.Supp.2d 31, 34 (D.D.C. 2001); *Levan v. United States*, 128 F.Supp.2d 270, 276 (E.D. Pa. 2001); *Panoke v. United States*, __ F.Supp.2d __, 2001 WL 46941, at *3 (D. Haw. Jan 5, 2001); *United States v. Brown*, No. 3:93-CR-262-P, 2000 WL 1880280, at *4 (N.D. Tex. Dec 28, 2000); *Klein v. United States*, 2000 WL 1855090, at *5 (D. Wyo. Dec. 19, 2000); *United States v. Gibbs*, 125 F.Supp.2d 700, 702-03 (E.D. Pa. 2000); *Ware v. United States*, 124 F.Supp.2d 590, 593 (M.D. Tenn. 2000); *United States v. Pittman*, 120 F.Supp.2d 1263, 1271 (D. Or. Nov. 15, 2000); *United States v. Johnson*, 126 F.Supp.2d 1222, 1226 (D. Neb. 2000); *United States v. Joseph*, 2000 WL 1789989, at *2 (E.D. La. Dec. 5, 2000); *West v. United States*, 123 F.Supp.2d 845, 845 (D. Md. 2000), *aff'd*, 246 F.3d 671 (4th Cir. 2001); *Klein v. United States*, 125 F.Supp.2d 460, 466 (D. Wyo. 2000).

Nonetheless, there are a minority of courts that have applied *Apprendi* retroactively. *See United States v. Hernandez*, 137 F.Supp.2d 919, 928 (N.D. Ohio 2001); *Jackson v. United States*, 129 F.Supp.2d 1053, 1068 (E.D. Mich. 2001); *Darity v. United States*, 124 F.Supp.2d 355, 360-62 (W.D.N.C. 2000); *United States v. Murphy*, 109 F.Supp.2d 1059, 1064 (D. Minn. 2000).

This Court need not determine whether the new rule announced in *Apprendi* should be retroactively applied. *Apprendi* stands for the narrow proposition that any fact (aside from prior convictions) that increases the penalty for a crime *beyond* the statutory maximum should be

submitted to jury and proved beyond a reasonable doubt. 530 U.S. at 2362-63. In other words, *Apprendi* applies only in cases in which the actual sentence exceeds the prescribed statutory maximum. *See United States v. Cooper*, 2001 WL 1504530, __ F.3d __ (5th Cir. 2001) (holding that the facts that increase the penalty for a crime within the statutory range, but which do not increase the sentence beyond that range, need not be proven to the jury beyond a reasonable doubt); *U.S. v. Meshack*, 225 F.3d 556, 576-77 (5th Cir. 2000) (holding same). Contreras faced a statutory maximum sentence of 10 years. 8 U.S.C. § 1324 (a)(1)(B)(i). She was sentenced to only 51 months, well within the statutory maximum.

Finally, Contreras appears to believe that if *Apprendi* is retroactively applied to her case, then she may *ipso facto* raise her non-*Apprendi* claims (i.e., her ineffective assistance of counsel claims and double jeopardy claim); however, unlike her *Apprendi* claim, Contreras's non-*Apprendi* claims are not rights recently recognized by the Supreme Court. Accordingly, they are not subject to revival along with her *Apprendi* claim.

### APPROPRIATENESS OF EQUITABLE TOLLING OF THE LIMITATIONS PERIOD

Having concluded that the limitations period did not begin the date the Supreme Court recognized the new rule in *Apprendi*, Contreras had one year from the date that her conviction became final to file her § 2255 motion. Contreras's conviction became final on October 31, 1999; therefore, her ability to file a § 2255 motion expired on October 31, 2000.

Contreras concedes that her motion is untimely. Nonetheless, she attempts to invoke "equitable tolling" on the grounds that "she has diligently worked on her case and through the exercise of due diligence is filing [the § 2255] motion" because "she has discovered certain new facts about her case." (Docket No. 1) "The doctrine of equitable tolling preserves a plaintiff's claims

6

when strict application of the statute of limitations would be inequitable." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Id.* (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Furthermore, equitable tolling applies only in "rare and exceptional circumstances." *United States v. Murillo*, No. 3:98-CR-206-X(03), 2001 WL 432624 at *1 (N.D. Tex. Apr. 25, 2001) (quoting *Davis*, 158 F.3d at 810-11)). A "garden variety claim of excusable neglect" does not support equitable tolling. *Id.*

Contreras has not alleged or demonstrated that she was actively misled by the Government or that she was prevented in some extraordinary way from asserting her rights. Her assertion that she "has been studying and working in the Education Department at the Federal Prison Camp" is irrelevant to an equitable tolling determination. Neither a plaintiff's unfamiliarity with the legal process nor her lack of representation during the applicable filing period merits equitable tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (age discrimination case). A petitioner is not entitled to an extended delay while she gathers every scrap of evidence that might support her claim. *See Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998). Moreover, Contreras's bare allegation that she has discovered new evidence is unsubstantiated and conclusory. She has not provided even a skeletal summary of the newly discovered facts or any supporting evidence to show the facts that she has discovered. Equitable tolling is not appropriate in this case. *See e.g., Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (holding that an unsubstantiated claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent")).

Because this Court concludes that Contreras is barred by the statute of limitations from filing her § 2255 motion, it is not necessary to address the merits of Contreras's claims. The Court does note, however, that even if Contreras had timely filed her motion, she is procedurally barred from presenting her claims because she has not shown "cause or prejudice" for not pursuing her instant claims on direct appeal. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (holding that issues may not be raised for the first time on collateral review without a showing of cause and prejudice). Moreover, she has not alleged any constitutional error that would result in a complete miscarriage of justice. *See e.g., Bousley v. United States*, 523 U.S. 614, 626 (1998) (a complete miscarriage of justice arises if the defendant is actually innocent of the crime for which he was convicted); *United States v. Sorrells*, 145 F.3d 744, 749 n.3 (5th Cir. 1998) (the "actually innocent" standard is the same as the "fundamental miscarriage of justice" standard).

IT IS therefore **RECOMMENDED** that Peititoner Olga Contreras's Motion to to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 (Docket No. 1) be **DISMISSED** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 8th day of January, 2001.

John Wm. Black
United States Magistrate Judge